```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF GEORGIA
                 COLUMBUS DIVISION
```

KATIE HICKS and KEINO HICKS,        *

    Plaintiffs,                     *

vs.                                 *
                                CASE NO. 4:22-cv-00106-CDL
MILLENNIA HOUSING MANAGEMENT       *
LTD. a/a/f BALLARD WAY
APARTMENTS,                         *

    Defendant.                      *

O R D E R

This case arises from a dispute between pro se Plaintiffs Katie and Keino Hicks and Millennia Housing Management Ltd. a/a/f Ballard Way Apartments ("Millennia"). Presently before the Court is Millennia's Motion to Dismiss (ECF No. 4). For the following reasons, that motion is denied.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual

allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556). Pleadings from pro se litigants are "held to a less stringent standard than pleadings drafted by attorneys" and thus are more liberally construed. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1338 (11th Cir. 2022) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

## FACTUAL BACKGROUND

The Hickses, proceeding pro se, were previously defendants in a state court action brought by Millennia in the Magistrate Court of Muscogee County, Georgia. Aff. Summons of Dispossessory 1, ECF No. 4-1. Millennia filed a dispossessory action to evict the Hickses for overstaying their lease and to collect damages for unpaid rent. *Id.* In their answer, the Hickses counterclaimed for "$15,000+" in damages based on Millennia's failure to repair their property. Dispossessory Answer 1, ECF No. 4-3. The Magistrate Court found in favor of Millennia and ordered the Hickses to deliver full possession of the apartment to Millennia and to pay unpaid rent and court costs. Writ of Possession & J. 1, ECF No. 4-4. The Hickses then made a motion in the Magistrate Court to

set aside the judgment "[b]ecause I took sick." Motion to Set Aside J. & Notice 1, May 10, 2022, ECF No. 4-5. The Magistrate Court denied that motion. Motion to Set Aside Judgment and Notice 1, May 13, 2022, ECF No. 4-6. The Hickses did not appeal.

The Hickses, as pro se plaintiffs, then filed an action in the Superior Court of Muscogee County, Georgia. Compl. Money Damages 3, ECF No. 1-1. The Complaint names Millennia as defendant and alleges that "[Millennia] failed to complete any repairs which cause [sic] the house to flood and damaged personal belongings and furniture." Hicks Aff. ¶ 1. As a result, the Hickses claim that Millennia owes them $250,000,000 in damages. *Id.* ¶ 2. The Hickses served Millennia with process, and Millennia timely filed its notice of removal and motion to dismiss. Summons 2, ECF No. 1-1.

## DISCUSSION

Millennia argues that this action should be dismissed for two reasons: res judicata and failure to state a claim. The Court addresses each argument in turn.

**I. Res Judicata**

Millennia asserts that the Hickses' present action based on a failure to repair is barred by res judicata. The doctrine of res judicata bars claims that were raised or could have been raised in an earlier proceeding between the same parties. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). When determining whether Georgia state court judgments bar subsequent

actions in federal court, Georgia law applies. *Burr & Forman v. Blair*, 470 F.3d 1019, 1030 (11th Cir. 2006). Under Georgia law, "[t]he doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Karan, Inc. v. Auto-Owners Ins. Co.*, 629 S.E.2d 260, 262 (Ga. 2006) (quoting *Waldroup v. Greene Cnty. Hosp. Auth.*, 463 S.E.2d 5, 6 (Ga. 1995) (per curiam)). Before res judicata applies, three prerequisites must be met: (1) "identity of the cause of action"; (2) "identity of the parties or their privies"; and (3) "previous adjudication on the merits by a court of competent jurisdiction." *Coen v. CDC Software Corp.*, 816 S.E.2d 670, 675 (Ga. 2018).

The Court finds that the present action is not barred by res judicata because the Magistrate Court of Muscogee County was not a "court of competent jurisdiction" under Georgia law for res judicata purposes. *Id.* In Georgia, magistrate courts are courts of limited jurisdiction. Ga. Const. art. VI, § 1, ¶ 1. While Georgia magistrate courts have jurisdiction over dispossessory proceedings, they do not have jurisdiction to adjudicate civil claims where "the amount demanded or the value of the property claimed" exceeds $15,000.00. O.C.G.A. § 15-10-2(a)(5)-(6). Georgia courts have consistently held that res judicata does not bar later actions based on the same cause of action as a

4

dispossessory defendant's counterclaim when the magistrate court did not have jurisdiction over that counterclaim. *See, e.g., Setlock v. Setlock*, 688 S.E.2d 346, 347–48 (Ga. 2010) (finding that res judicata did not bar later superior court action because the magistrate court did not have jurisdiction over the defendant's counterclaims in the initial action, which exceeded $15,000); *WPD Ctr., LLC v. Watershed, Inc.*, 765 S.E.2d 531, 533 (Ga. Ct. App. 2014) (same).

Here, the Hickses brought a counterclaim for "$15,000+" in damages against Millennia in the Magistrate Court. Dispossessory Answer 1. Thus, the "amount demanded" in the counterclaim exceeded the Magistrate Court's $15,000 jurisdictional limit, and the Magistrate Court did not have jurisdiction to adjudicate that claim. Accordingly, the Magistrate Court was not a "court of competent jurisdiction" that could have adjudicated the dispute. *Coen*, 816 S.E.2d at 675. Therefore, the Hickses' present action for failure to repair is not barred by res judicata.

## II. Failure to State a Claim

Millennia also argues that the Hickses' Complaint fails to even meet the more lenient pleading standard applied to pro se pleadings in federal courts. Millennia claims that, even construing the Complaint liberally, the Hickses' Complaint fails to state a claim. Millennia speculates that the Hickses are attempting to assert a constructive eviction claim that is not

5

supported by the factual allegations, and Millennia seeks dismissal on this ground. Drawing all reasonable inferences in the Hickses' favor, though, the Hickses assert that their landlord, Millennia, failed to make necessary repairs to their rental home and that this failure to repair caused the home to flood, resulting in damage to the Hickses' personal belongings and furniture. The Hickses further claim that this failure to repair entitles them to $250,000,000 in damages.

Millennia argues that it does not understand the nature of the claim or the legal theory under which the Hickses are trying to proceed because the Complaint does not identify the source of any duty to repair that Millennia allegedly breached. The Court agrees that the Hickses' bare bones Complaint does not state the legal basis for their claim or the source of Millennia's alleged duty to repair. Generally, however, district courts *must* provide pro se plaintiffs at least one opportunity to amend before dismissing a complaint with prejudice unless amending the complaint would be futile. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (holding that because a more carefully drafted complaint *might* have stated a viable claim, the district court abused its discretion by dismissing the case with prejudice even when the plaintiff had not indicated that he wished to amend). In their Complaint and in the state court filings, the Hickses explained that due to Millennia's failure to

6

make repairs, their home was uninhabitable for humans, they incurred over $15,000 in damages to their property, and they have receipts to prove those damages. While the Hickses' Complaint is not a model of clarity, the Court cannot say that a more carefully drafted complaint would not state a claim. Therefore, the Court finds that giving the Hickses an opportunity to amend their Complaint would not be futile. Accordingly, the Hickses shall have 21 days from the date of this Order to file an amended complaint or their action will be dismissed without prejudice.

CONCLUSION

For the foregoing reasons, Millennia's motion to dismiss (ECF No. 4) is denied. The Hickses shall have 21 days from the date of this Order to file an amended complaint or this action will be dismissed without prejudice.

IT IS SO ORDERED, this 20th day of October, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA